```
_____ FILED        ☒ LODGED
_____ RECEIVED     _____ COPY

        MAY 1 4 2018

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
SHARON K. SEXTON
Assistant U.S. Attorney
Arizona State Bar No. 012359
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sharon.sexton@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-17-8315-PCT-SPL |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Georgina Warren, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, GEORGINA WARREN ("defendant"), hereby agree to dispose of this matter on the following terms and conditions:

1.    **PLEA**

Defendant will plead guilty to **Count 1: INVOLUNTARY MANSLAUGHTER**, a lesser included offense of Second Degree Murder as charged in the Superseding Indictment, in violation of Title 18, United States Code, Sections 1153 and 1112, a Class D felony offense. Defendant will also plead guilty to **Count 3: ASSAULT RESULTING IN SERIOUS BODILY INJURY**, as charged in the Superseding Indictment, in violation of Title 18 United States Code, Sections 1153 and 113(a)(6)a Class C felony offense.

2.    **MAXIMUM PENALTIES**

a.    Count 1: A violation of 18 U.S.C. § 1112 is punishable by a maximum fine of $250,000, a maximum term of 8 years imprisonment, or both, and a term of up to three years supervised release. Count 3: A violation of 18 U.S.C. § 113(a)(6) is punishable by

a maximum fine of $250,000, a maximum term of 10 years imprisonment and up to life, or both, and a term of up to three years supervised release.

      b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

         (1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

         (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

         (3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

         (4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

      c.     The Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors, in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.**     **<u>AGREEMENTS REGARDING SENTENCING</u>**

      a.     Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to a total term of imprisonment (for both counts) between 5 and 10 years.  The court may order the counts to run concurrently or consecutively as long as the resulting prison term is between the stipulated range.

      b.     Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A and 2248, the defendant specifically agrees to make restitution to the victim in an amount to be determined by the Court, but in no event more than $100,000.00 per victim. This restitution

order shall include restitution for dismissed counts. Even if the victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures related to treatment for mental or emotional trauma suffered by the victim that was directly and proximately caused by the defendant's conduct, including any "relevant conduct" or dismissed charges. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and traditional Native American ceremonies or treatment. The defendant understands that such restitution will be included in the court's order of judgment and that an unanticipated restitution amount will not serve as grounds to withdraw defendant's guilty plea or to withdraw from his plea agreement.

      c.    Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

      If the defendant is a member of or becomes a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

- 3 -

1          d.      Acceptance of Responsibility.   If the defendant makes full and complete
2   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
3   commission of the offense, and if the defendant demonstrates an acceptance of
4   responsibility for this offense up to and including the time of sentencing, the United States
5   will recommend a two-level reduction in the applicable Sentencing Guidelines offense
6   level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16 or more,
7   the United States will recommend an additional one-level reduction in the applicable
8   Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

9          e.      Non-Binding Recommendations.      The defendant understands that
10  recommendations are not binding on the Court.  The defendant further understands that the
11  defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
12  recommendation.

13  **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

14         a.      At the time of sentencing, the United States will dismiss the remaining counts
15  in the Superseding Indictment.  No additional charges will be filed arising out of the
16  discovery provided in this case.

17         b.      This agreement does not, in any manner, restrict the actions of the United
18  States in any other district or bind any other United States Attorney's Office.

19  **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

20         a.      If the Court, after reviewing this plea agreement, concludes that any
21  provision contained herein is inappropriate, it may reject the plea agreement and give the
22  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
23  11(c)(5).

24         b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,
25  vacated, or reversed at any time, this agreement shall be null and void, the United States
26  shall be free to prosecute the defendant for all crimes of which it then has knowledge and
27  any charges that have been dismissed because of this plea agreement shall automatically
28  be reinstated.  In such event, the defendant waives any and all objections, motions, and

- 4 -

defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6. <u>WAIVER OF DEFENSES AND APPEAL RIGHTS</u>

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## 7. <u>DISCLOSURE OF INFORMATION</u>

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

     c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

     (1)    criminal convictions, history of drug abuse, and mental illness; and

     (2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    <u>FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS</u>**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    <u>ELEMENTS OF THE OFFENSE</u>**

**The Jurisdictional elements for both counts are as follows:**

The crimes happened within the District of Arizona and on an Indian Reservation. Further, the defendant is an Indian in that, at the time of the crime the defendant had some quantum of Indian blood and was a member of or was affiliated with a federally recognized tribe.

**The additional elements of the offense of Count 1: Involuntary Manslaughter are as follows:**

1.    The defendant committed an unlawful act, not amounting to a felony, or committed a lawful act, done either in an unlawful manner or with wanton or reckless disregard for human life, which might produce death;

2.    The defendant's act was the proximate cause of the death of the victim. A proximate cause is one which played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of the defendant's act;

3. The killing was unlawful; and

4. The defendant either knew that such conduct was a threat to the lives of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of others.

**The additional elements of the offense of COUNT 3: ASSAULT RESULTING IN SERIOUS BODILY INJURY are as follows:**

1. The defendant intentionally, knowingly or recklessly assaulted the victim; and

2. The victim suffered serious bodily injury as a result.

**Serious bodily injury** is defined as bodily injury which involves:

A. A substantial risk of death; or

B. Extreme physical pain; or

C. Protracted and obvious disfigurement; or

D. Protracted loss of impairment of the function of a bodily member, organ or mental faculty.

**10.   FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about September 2, 2017, in the District of Arizona, within the confines of the Navajo Indian Reservation, Indian Country, defendant GEORGINA WARREN, intentionally and knowingly assaulted G.W., that is, by shooting him with a .22 caliber rifle and killing him. The killing of the victim was an unlawful killing in that it was done in an unlawful manner or with wanton or reckless disregard for human life, which might produce death, (that is, pointing the gun in the direction of the victim and firing the weapon.) The defendant's act was the proximate cause of the death of the victim and defendant knew that such conduct was a threat to the life of others or knew of circumstances that would reasonably cause the defendant to foresee that such conduct might be a threat to the lives of the victim.

The defendant was an Indian at the time of the crime. Specifically, the defendant had some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe, such as being a blood relative to a parent, grandparent, or great-grandparent who is clearly identified as an Indian and defendant was a member of or affiliated with a federally recognized tribe, the Navajo Indian Tribe.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional, material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon

- 8 -

1  such revocation, notwithstanding any other provision of this agreement, I may be required

2  to serve a term of imprisonment or my sentence otherwise may be altered.

3          This written plea agreement, and any written addenda filed as attachments to this

4  plea agreement, contain all the terms and conditions of the plea.   Any additional

5  agreements, if any such agreements exist, shall be recorded in a separate document and

6  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

7  be in the public record.

8          I further agree that promises, including any predictions as to the Sentencing

9  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

10  (including my attorney) that are not contained within this written plea agreement, are null

11  and void and have no force and effect.

12          I am satisfied that my defense attorney has represented me in a competent manner.

13          I fully understand the terms and conditions of this plea agreement.  I am not now

14  using or under the influence of any drug, medication, liquor, or other intoxicant or

15  depressant that would impair my ability to fully understand the terms and conditions of this

16  plea agreement.

17

18  _4-30-18_____          _Georgina Warren_____

19  Date                                              GEORGINA WARREN

20                                                    Defendant

21

22          **APPROVAL OF DEFENSE COUNSEL**

22          I have discussed this case and the plea agreement with my client in detail and have

23  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

24  constitutional and other rights of an accused, the factual basis for and the nature of the

25  offense to which the guilty plea will be entered, possible defenses, and the consequences

26  of the guilty plea including the maximum statutory sentence possible.  I have further

27  discussed the concept of the advisory Sentencing Guidelines with the defendant.   No

28

- 9 -

1   assurances, promises, or representations have been given to me or to the defendant by the

2   United States or any of its representatives that are not contained in this written agreement.

3   I concur in the entry of the plea as indicated above and that the terms and conditions set

4   forth in this agreement are in the best interests of my client.  I agree to make a bona fide

5   effort to ensure that the guilty plea is entered in accordance with all the requirements of

6   Fed. R. Crim. P. 11.

7

8   4-30-18
    _____                    _____
    Date                                    MARC J. VICTOR
9                                           Attorney for Defendant

10                       **APPROVAL OF THE UNITED STATES**

11          I have reviewed this matter and the plea agreement.  I agree on behalf of the United

12   States that the terms and conditions set forth herein are appropriate and are in the best

13   interests of justice.

14                                           ELIZABETH A. STRANGE
                                            First Assistant United States Attorney
15                                          District of Arizona

16   4/30/18
    _____                    _____
17   Date                                   SHARON K. SEXTON
                                            Assistant U.S. Attorney

18

19                       **ACCEPTANCE BY THE COURT**

20
    _____                    _____
21   Date                                   STEVEN P. LOGAN
                                            United States District Judge

22

23

24

25

26

27

28